IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHPORT HEALTH SERVICES OF
ARKANSAS, LLC d/b/a PARIS HEALTH
AND REHABILITATION CENTER;
NHS MANAGEMENT, LLC; NORTHPORT
HEALTH SERVICES, INC.; and
SENIOR CARE PHARMACY, INC.                                             PLAINTIFFS

v.                              Case No. 2:12-CV-02284

COMMUNITY FIRST TRUST COMPANY, as
Successor Personal Representative of the Estate
of HATTIE M. STEPHENS, deceased, and on
Behalf of the Wrongful Death Beneficiaries of
HATTIE M. STEPHENS                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is an action to compel arbitration of a dispute currently pending in the Circuit Court of Logan County, Arkansas. Before the Court are Defendant's Motion to Dismiss (Doc. 9) and brief in support (Doc. 10), in which Defendant asks the Court to exercise its discretion and abstain in favor of the state court proceeding. Plaintiffs Northport Health Services of Arkansas, LLC d/b/a Paris Health and Rehabilitation Center, NHS Management, Inc., and Northport Health Services, Inc. have filed a Response in Opposition (Doc. 13). Separate Plaintiff Senior Care Pharmacy, Inc. has also filed a Response in Opposition (Doc. 14) and a brief in support (Doc. 15), in which it adopts the response and all legal arguments made in the other Plaintiffs' Response. Because all Plaintiffs in this action are asserting the same arguments, they will be referred to collectively as the "Northport Parties" for the sake of clarity. For the reasons set forth herein, the Court finds that abstention is not appropriate in this case and Defendant's Motion to Dismiss is DENIED.

**I.    BACKGROUND**

The Northport Parties filed this action to compel arbitration of claims asserted against them in the Circuit Court of Logan County, Arkansas, by Defendant Community First Trust Company, as successor personal representative of the estate of Hattie M. Stephens, deceased, and on behalf of the wrongful death beneficiaries of Hattie M. Stephens (the "Estate").  The state court complaint includes allegations of negligence, medical malpractice, and violations of the Arkansas Long-Term Care Facility Resident's Act.  The defendants in that action—the Northport Parties and Matthew Stengel, an administrator of Paris Health and Rehabilitation Center—asserted as an affirmative defense that the claims are subject to a binding arbitration agreement.  The Estate subsequently filed a Motion to Stay Arbitration and Declare the Arbitration Agreement to be Non-Binding with the state court, to which the Northport Parties and Stengel replied in opposition.  The state court discussed the Estate's motion at a preliminary hearing on November 14, 2012, at which time the Northport Parties disclosed their intent to file a federal action to compel arbitration.  Accordingly, the Northport Parties filed a Complaint in this Court on November 16, 2012,[1] seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.

The Estate filed the instant Motion to Dismiss on January 22, 2013, asking the Court to exercise its discretion and abstain in favor of concurrent proceedings in the Logan County Circuit Court.  The Northport Parties oppose abstention and maintain that this Court should adjudicate their claim because the state court proceeding is not sufficiently parallel to the federal action and also because there are no exceptional circumstances that would justify the Court's refusal to exercise jurisdiction.

---

[1] An Amended Complaint was filed on December 14, 2012.

## II.     DISCUSSION

"Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' even when there is a pending state court action involving the same subject matter." *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, in the interest of wise judicial administration and with regard to conservation of judicial resources and comprehensive disposition of litigation, there are certain limited circumstances permitting the dismissal of a federal lawsuit due to the presence of a concurrent state proceeding. *Colorado River*, 424 U.S. at 817–818. "A federal court may divest itself of jurisdiction by abstaining [under *Colorado River*] only when parallel state and federal actions exist and exceptional circumstances warrant abstention." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

### A.     Parallel Proceedings

As a threshold matter, the Court must determine whether there are parallel proceedings pending in state court. *Fru-Con*, 574 F.3d at 535. For purposes of *Colorado River* abstention, the Eighth Circuit requires a substantial similarity between the state and federal proceedings, which occurs "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* It is not enough that the pending state claim is based on the same general facts or subject matter as the federal claim and involves the same parties. *Id.* The district court must analyze matters as they currently exist and resolve any doubt as to the parallel nature of the proceedings in favor of exercising jurisdiction. *Id.*

Here, the Northport Parties contend that the dispute with the Estate in state court must be

submitted to arbitration. The same parties assert this same claim as an affirmative defense in the underlying state court action. Although asserted in different capacities, both claims are premised on the same wrong—the Estate's failure to arbitrate—and both claims seek the same remedy, enforcement of the arbitration clause. As matters currently exist, both the state and federal courts must resolve the issue of whether the parties are obligated to arbitrate. The Northport Parties argue that the proceedings are not parallel because they only asserted the defense to preserve their right to arbitration, but they have not filed a motion to arbitrate or otherwise pursued the defense. It does not follow that the issue is no longer before the state court merely because the Northport Parties have not actively pursued their defense.

Also, the fact that the complaint in the state action seeks recovery for various tort and statutory claims while the complaint in the federal action seeks only to compel arbitration does not prevent the actions from being parallel. The proceedings do not have to be identical, and a court must resolve the arbitrability issue whether it is asserted in a complaint or as an affirmative defense in an answer. It is of no import that the federal suit is a reactive one, reversing the roles of the parties to the state court litigation. *See Fru-Con*, 574 F.3d at 537 (noting that the same claim was pending in both state and federal proceedings when it was raised by a party in a complaint in federal court and asserted by the same party "out of an abundance of caution" in an answer and counterclaim in state court). State and federal courts have concurrent jurisdiction over claims to compel arbitration under the FAA, and, if the Northport Parties had not filed the federal action, the state court proceeding would fully dispose of the arbitration claim. Therefore, for the purpose of determining whether the Court should abstain under *Colorado River,* the Court finds that the proceedings are sufficiently parallel.

### B.     Exceptional Circumstances

Where, as here, there are parallel proceedings, the Court must determine whether "exceptional circumstances warrant abstention." *Fru-Con*, 574 F.3d at 534. In this Circuit, courts determining whether exceptional circumstances exist in actions involving the FAA apply the following non-exhaustive factors:[2] (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed; (4) which case has priority, focusing on the relative progress made in the cases; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *Mountain Pure*, 439 F.3d at 926. While these factors provide a guideline for the Court's analysis, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

The first, second, and sixth factors are not implicated in this case and do not weigh in favor of or against abstention. Both parties agree that there is no property at issue and both forums are equally convenient, and the Northport Parties concede that both courts can adequately protect their rights. The Court agrees with these conclusions.

---

[2] In their brief, the Northport Parties point out that the Estate applies the factors as set forth by the United States Supreme Court in *Colorado River*, which are not identical to the factors as set forth by the Eighth Circuit. The Court finds this distinction irrelevant, as the Eighth Circuit derives its analysis from *Colorado River* and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983), and the factors are not to be applied in a rigid, inflexible manner. *See Moses H. Cone*, 460 U.S. at 16 (noting that the *Colorado River* Court "declined to prescribe a hard and fast rule" and instead, described "some of the factors relevant to the decision.").

The third factor, regarding the desire to avoid piecemeal litigation, weighs against abstention. There is no clear federal policy of avoiding piecemeal adjudication of rights subject to arbitration agreements. In fact, the FAA "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Id.* at 20 (emphasis added). Some degree of piecemeal litigation is an inevitable result of the strong national policy favoring enforcement of private arbitration agreements. *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 851 (5th Cir. 2009). In addition, the issue of arbitrability "is easily severable from the merits of the underlying disputes." *Moses H. Cone*, 460 U.S. at 21.

As to the fourth factor, the relative priority of the state and federal proceedings, the Northport Parties contend that this Court has progressed further in terms of resolving the arbitrability dispute because they have not filed a motion to compel arbitration in state court. This is true but misleading, as the state court specifically withheld ruling on the arbitrability issue because the Northport Parties indicated they would file the instant action to compel arbitration. Moreover, both parties have extensively briefed the issue in state court, while here, only the Northport Parties have briefed the issue, in the form of the Amended Complaint. The Estate has not filed an Answer or otherwise briefed the arbitrability issue; rather, it filed the instant Motion to Dismiss, remarking only that the Estate denies that it is bound to the terms of the arbitration agreement. The Court's consideration of the arbitrability issue thus far has been limited to whether exceptional circumstances exist such that the Court should refrain from deciding the issue on the merits. Resolution of the arbitrability issue seems, therefore, to have reached the same level of progression in both courts. Even if the state court were considered to have progressed further than this Court, the priority factor is not weighted heavily in light of the relatively early stage of proceedings in both

courts, and does not support a finding of exceptional circumstances sufficient to justify abstention.

Consideration of the fifth factor, whether state or federal law controls, is also not a major concern here. The matter at hand involves federal law, as the Northport Parties assert their right to enforce an arbitration agreement. The arbitrability issue also involves some aspects of state law, as state contract law controls the determination of whether a valid arbitration agreement exists. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004) ("Whether an arbitration agreement is valid is a matter of state contract law."). Also, there is a dispute regarding the application and/or interpretation of Arkansas statutory law. The Northport Parties argue that Ark. Code Ann. § 20-9-602(11), which provides that an adult child may consent to recommended medical treatment for a parent of unsound mind, conveyed authority for the deceased's daughter to bind her to the arbitration agreement. The Estate points out that Arkansas courts have not resolved whether this particular statute applies in this context. Even so, the presence of state law issues in federal court rarely weighs in favor of abstention, while "the presence of federal-law issues must always be a major consideration weighing against surrender [of federal jurisdiction]." *Moses H. Cone*, 460 U.S. at 26. While the source-of-law factor has some significance here due to the presence of an unsettled issue of state law, the Court does not consider this one component of the case to be an exceptional circumstance warranting abstention in light of the case as a whole.

In addition to the factors discussed above, the Estate urges the Court to abstain to prevent forum shopping. The Court considers the need to discourage forum shopping to be a valid consideration in certain circumstances, such as when a state court has decided the arbitration issue and the federal suit is filed in an attempt to avoid an adverse ruling. *See, e.g.*, *THI of New Mexico at Las Cruces v. Fox*, 727 F. Supp. 2d 1195 (D.N.M. 2010) (relying in part on avoiding forum-

shopping concerns when abstaining where state court had already compelled the parties to arbitrate); *Garber v. Sir Speedy, Inc.*, 930 F. Supp. 267 (N.D. Texas 1995) (noting that a stay was appropriate to discourage forum shopping when the federal action was filed in an apparent attempt to circumvent the adverse ruling of the state court). Here, the state court has not decided whether the parties must submit their dispute to arbitration. There are no facts before the Court to indicate that the federal action was filed to avoid a decision made by the state court or that the Northport Parties were otherwise forum shopping.

After weighing the appropriate factors, the Court finds that there are no exceptional circumstances that would justify abstention. Furthermore, the present record does not present any special facts or circumstances indicating that federal jurisdiction is inappropriate notwithstanding the factors discussed above. Based on the information now before it, the Court cannot say that the Northport Parties filed the federal suit for an improper purpose or otherwise engaged in forum shopping. Instead, they appear to have exercised their right, under federal law, to choose a federal forum in which to bring their complaint to compel arbitration. Accordingly, the Court declines to abstain in favor of the concurrent state court action.

### III.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. 9) is DENIED.

IT IS SO ORDERED this 16th day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE