IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHPORT HEALTH SERVICES OF
ARKANSAS, LLC d/b/a PARIS HEALTH
AND REHABILITATION CENTER; NHS
MANAGEMENT, LLC; NORTHPORT
HEALTH SERVICES, INC.; and
SENIOR CARE PHARMACY, INC.                                                                PLAINTIFFS

v.                                                Case No. 2:12-CV-02284

COMMUNITY FIRST TRUST COMPANY,
as Successor Personal Representative of the Estate
of HATTIE M. STEPHENS, deceased, and on
Behalf of the Wrongful Death Beneficiaries of
HATTIE M. STEPHENS                                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant's motion for an order permitting discovery (Doc. 21) and brief in support (Doc. 22), in which Defendant Community First Trust Company, as Successor Personal Representative[1] of the estate of Hattie M. Stephens, deceased, and on behalf of the wrongful death beneficiaries of Ms. Stephens (the "Estate") requests that this Court order discovery related to the enforceability of the purported arbitration agreement that is the subject of Plaintiffs' complaint to compel arbitration. Plaintiffs Northport Health Services of Arkansas, LLC d/b/a Paris Health and Rehabilitation Center (the "Facility"); NHS Management, Inc.; and Northport Health Services, Inc. have filed a response in opposition (Doc. 23). Separate Plaintiff Senior Care Pharmacy, Inc. has also filed a response in opposition (Doc. 24), in which it adopts the response and

---

[1] This action was filed by Debra Dauernheim, Ms. Stephens's daughter and original personal representative. Community First Trust Company was substituted in Ms. Dauernheim's place after her death.

-1-

all legal arguments made in the other Plaintiffs' response. Accordingly, all Plaintiffs will be referred to collectively as the "Northport Parties" for the sake of clarity. For the reasons set forth herein, Defendant's motion for discovery is GRANTED IN PART and DENIED IN PART.

"Discovery related to the validity of an arbitration agreement is necessarily limited, in light of the goal of quickly moving matters subject to arbitration out of the judicial and into the arbital forum." *Northport Health Servs. of Ark., LLC v. Robinson*, 2009 U.S. Dist. LEXIS 6482, at *6 (W.D. Ark. Jan. 12, 2009). The court may allow appropriately restricted discovery regarding issues relating to the making of an arbitration agreement, if necessary to determine whether an arbitration agreement exists. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774 (3rd Cir. 2013). However, requests that are too broad, seek irrelevant information, or seek information already within the personal knowledge of the party requesting discovery may be denied. *Advocat, Inc. v. Blanchard*, 2012 U.S. Dist. LEXIS 72287, at *17 (E.D. Ark. May 24, 2012).

The Estate argues that discovery is needed with regard to the negotiation, execution, and enforcement of the agreement, and "to develop facts in support of additional defenses to enforcement of [the] agreement, such as unconscionability and lack of mutuality." These general requests are overly broad, vague, and appear to be a fishing expedition, which is at odds with the limited discovery allowed in this type of action. However, because of the circumstances of this case—particularly the fact that Community First Trust Company was not present during the admission process and, unlike Ms. Dauernheim, did not sign the admissions paperwork—discovery into certain specific issues is necessary. Accordingly, the Court will permit the Estate to conduct limited discovery into the circumstances surrounding the negotiation, presentment, and execution of the agreement, including the issue of Ms. Stephens's mental capacity.

In addition to the general requests above, the Estate seeks to conduct discovery regarding the Facility's right to payments from Ms. Stephens, the Facility's operations and business practices, and the issue of interstate commerce. The Court is not persuaded that discovery related to these issues, as described by the Estate, is justified. According to the Estate, discovery on the issue of interstate commerce is "critical." The Court disagrees and further concludes that no such discovery is warranted. The agreement itself explicitly requires the parties to acknowledge that the Facility regularly engages in interstate commerce and to agree that the agreement is governed by the FAA. Under Arkansas law, an arbitration clause that specifies the agreement is being made pursuant to a transaction involving interstate commerce is, "in effect, a stipulation that removes the requirement for proof of connections with interstate commerce." *Pest Mgmt, Inc. v. Langer*, 240 S.W.3d 149, 154 (Ark. Ct. App. 2006). The request for discovery on the issue of interstate commerce is therefore denied.

The Estate also requests permission to depose the Northport Parties' affiants, alleging that the affidavits show that the Northport Parties are "clearly in possession of factual information pertinent to the arbitration issue that is not at Defendant's disposal." The Estate argues that it is "entitled to test the alleged personal knowledge of the affiants by way of deposition." However, the Estate fails to point to any authority establishing that it is so entitled, and while the affiants possess knowledge of the Northport Parties' business that is not available to the Estate, such knowledge is not pertinent to the arbitration issue at hand. The Court denies the Estate's request insofar as it seeks to conduct discovery on the issues of the Facility's right to payments or general operations and business practices. Further, the Court denies any discovery into the Facility's business operations, right to payments, or other business practices unless such discovery is directly related to determining

the validity of the arbitration agreement at hand.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for discovery (Doc. 21) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to Defendant's request to conduct limited discovery regarding the negotiation, presentment, and execution of the admission agreement.  All other requests for discovery are DENIED.

The Court hereby VACATES IN PART the amended final scheduling order.  The order is vacated in regard to the required disclosures under Fed. R. Civ. P. 26(a), and the parties are not required to comply with such requirements.  The Court will, however, allow discovery, the scope of which is to be limited as described above.  Furthermore, the parties are HEREBY ORDERED to confer and jointly submit a proposed deadline for completion of discovery as well as a desired date for the Court to hold a trial on the issue of arbitrability, should one be necessary.  The parties should submit these agreed dates to the Court via email at pkhinfo@arwd.uscourts.gov by August 23, 2013.  The Court will then issue an amended final scheduling order in line with this opinion and will attempt, to the extent possible, to accommodate the parties' requests and to expedite this case as the Court's schedule allows.  However, unless and until the parties receive notification stating otherwise, this case remains set for trial on January 27, 2014.

IT IS SO ORDERED this 9th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE